UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

       -v-                                                      15-CR-107-V

RICKY BUTLER,

       Defendant.
_____

### ORDER AUTHORIZING MENTAL COMPETENCY EVALUATION OF THE DEFENDANT UNDER TITLE 18, UNITED STATES CODE, SECTIONS 4241 (a) and (b)

The defendant, Ricky Butler, is charged in a twelve-count Indictment with violating Title 18, United States Code, Section 1349 (conspiracy to commit bank fraud)(Count 1); Title 18, United States Code, Section 1029(b)(2) (conspiracy to commit access device fraud)(Count 2); and, Title 18, United States Code, Section 1028A(a)(1) (aggravated identity theft)(Counts 3-12).  Since his arrest in or about the summer of 2014, the defendant has been detained in the custody of the United States Marshal Service.

On June 17, 2016, the United States Marshal Service advised the Court that the defendant had been transported to a hospital for immediate medical attention to treat self-inflicted injuries.  The United States Marshal Service further advised the Court that the defendant had on prior occasions, during the pendency of this case, engaged in similar behavior; those injuries, however, did not require hospitalization.

Based on the foregoing, the Court scheduled this matter for a Status Conference on June 23, 2016, and requested that the defendant be present for the proceedings. On June 22, 2016, the Court was advised by the United States Marshal Service that the defendant had once again caused injury to himself requiring immediate medical attention.  And at the appearance on June 23, 2016, Deputy Mark Fialkiewicz of the United States Marshal Service reported to the Court that the defendant refused transport to the court appearance; threatened the life and the family of a corrections officer; threatened to spit on, and throw feces at, the officers who transported him; simulated a seizure; and otherwise physically and verbally resisted transport.  After trying to subdue the defendant and force his appearance, corrections officers eventually decided that the risks outweighed the necessity of the defendant's transport, an assessment with which this Court does not disagree given the information provided at the appearance.

Therefore, based on the information from the United States Marshal Service about the most recent incidents as well as the historical information concerning prior incidents of self-inflicted injuries, and based on the recommendation and agreement of counsel for the government and for the defendant, the Court has concluded that the defendant's behavior warrants a current mental examination and evaluation, and it is hereby

ORDERED that as set forth in Title 18, United States Code, Section 4241(a) and (b), a psychiatric or psychological examination, or both, of the defendant, Ricky Butler,

be conducted, and a psychiatric and/or psychological report be filed with the Court as set forth in Title 18, United States Code, Section 4247(c).  The report shall include

1. The name of the examiner or examiners and their qualifications;
2. The defendant's history and present symptoms;
3. A description of the psychiatric, psychological, and medical tests that were employed and their results;
4. The examiner's findings;
5. The examiner's opinions as to diagnosis and prognosis; and
6. The examiner's opinions as to whether the defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature of the proceedings against him or to assist properly in his defense; and it is further

ORDERED that as set forth in Title 18, United States Code, Section 4247(b), the defendant is committed to the custody of the Attorney General for a reasonable period. Because the government and the defendant agree that the examination will likely not be completed within 30 days, as contemplated by statute, the government and the defendant have consented to completion of the examination within 60 days; and it is further

ORDERED that the United States Marshal shall take the defendant into custody under the terms of this order and shall promptly deliver the defendant to a suitable facility to be determined by the Attorney General, and the United States Marshal shall do this as quickly as possible so as to minimize the period during which the defendant must travel to, be confined in, and be returned from the facility where such examination will be conducted; and it is further

ORDERED that with the consent of counsel for the government and counsel for the defendant, the time between June 23, 2016, and the date upon which defendant's competency is resolved shall be excluded for purposes of the Speedy Trial Act pursuant to Title 18, United States Code, Section 3161(h)(1)(A).

DATED:   Buffalo, New York
         June 23, 2016


                                        *s/ Lawrence J. Vilardo*
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE