UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | REPORT, RECOMMENDATION AND ORDER |
| v. | 15-CR-00107-LJV-JJM |
| RICKY BUTLER,<br>                    Defendant. | |

_____

        Along with three co-defendants, defendant Butler is charged with several offenses related to his alleged unauthorized possession and use of credit cards from in or about July 2013 to January 2014, including conspiracy to commit bank fraud in violation of 18 U.S.C. §1349, conspiracy to commit access device fraud in violation of 18 U.S.C §1029(b)(2), and aggravated identity theft in violation of 18 U.S.C. §§1028A(a)(1) and 2. Indictment [55].[1] Before the court is defendant's motion to suppress evidence and for other relief [140], which has been referred to me by District Judge Lawrence Vilardo for initial consideration [146].

        Having reviewed the parties' submissions [140, 145, 150] and heard oral argument on July 14, 2017 [159], for the following reasons I recommend that the motion for suppression be denied, and I order that the remainder of the motion be granted in part and denied in part.

## BACKGROUND

        In support of his motion to suppress evidence, defendant submits the affidavit of his attorney, Herbert Greenman, Esq., stating that in the early morning hours of February 11, 2014, defendant was a passenger in a Dodge minivan in New Bedford, Ohio containing three

_____

[1]     Bracketed references are to the CM/ECF docket entries.

other individuals when the vehicle was "stopped without probable cause to believe that a vehicle and traffic infraction" had occurred, "or that any criminality was committed by any of the occupants". Greenman Affidavit [140], ¶¶4-7. He states that "after learning that the driver of the vehicle had a valid license, the officer, instead of letting the driver and the occupants of the vehicle continue on their way, began to ask the passengers for identification" and ordered the occupants out of the vehicle (id., ¶¶8-10), and that upon exiting the vehicle, defendant produced a driver's license, but "[w]ithout looking at the license. . . the officer indicated that he did not believe that [defendant] was the person for whom the license was issued" and he was then handcuffed and taken to the police station, where officers attempted to interrogate him. Id., ¶¶10-12. Mr. Greenman alleges that after the stop and the seizure of the occupants, the interior of the vehicle was searched (id., ¶¶6, 16), and that at some point defendant's wallet was searched. Id., ¶17.

Within days of his arrest, defendant was named in a criminal Complaint in the Northern District of Ohio, and was indicted on March 11, 2014, along with the other occupants of the vehicle,[2] for conduct similar to that alleged in this action, except occurring from on or about January 11, 2014 to February 11, 2014 in the Northern District of Ohio. See United States v. Butler, et al., 14-CR-0086 (CAB) (N.D. Oh.) [14]. On March 16, 2015 defendant pled guilty in the Ohio action. At no time during the pendency of that action did defendant seek to suppress the evidence of the February 11, 2014 traffic stop, and as part of his plea in that action defendant admitted that on February 11, 2014 the defendants were in possession of "multiple credit cards

---

[2] The other occupants of the vehicle at the time of the February 11, 2014 traffic stop were Larry Darnell Cross, Brianna Nicole Davis, and Cherise Elain Luper. See 14-CR-86, Bond Affidavit [1-1], ¶9. None of these individuals are defendants in this action.

bearing different names" and that his wallet contained a counterfeit driver's license and a credit card in the name of another individual. [145-3], pp. 12-13 of 18, ¶¶j, k

On July 10, 2014 defendant was named in a criminal Complaint in this action [1], and was indicted on May 27, 2015 [55]. At his June 3, 2015 arraignment, defendant was represented by his retained counsel, Mark Allenbaugh, Esq., and a Scheduling Order was entered that required pretrial motions to be filed by September 2, 2015 [60]. At defendant's request [61], the deadline for pretrial motions was extended to October 2, 2015. Amended Scheduling Order [63]. However, that deadline lapsed without any pretrial motions or a request for extension of the deadline being filed. There have since been several adjournments of the trial date [92, 112, 137] coinciding initially with Mr. Allenbaum's withdrawal as counsel [83], and then with the successive withdrawal and appointment of two additional attorneys [84, 108, 112]. On March 8, 2017, following the withdrawal of defendant's third attorney [137], Judge Vilardo appointed Mr. Greenman to represent defendant. On April 25, 2017, he extended defendant's deadline for filing a pretrial motion to May 9, 2017 [138].[3]

In seeking suppression of evidence obtained from the search of the minivan and his wallet, defendant argues that law enforcement lacked probable cause for the February 11, 2014 traffic stop and his arrest, and impermissibly searched the vehicle and his wallet. Greenman Affidavit [140], ¶¶7, 20-21. The government opposes the motion by arguing that defendant waived his right to seek suppression in this case by failing to move for suppression in the Ohio action (government's Response in Opposition [145], pp. 13-15), that this action "does not include anything that happened in Ohio and does not rely on any evidence obtained in Ohio"

---

[3] Although the government argues that the motion "sets forth no good cause for the failure to file the motion in compliance with the scheduling orders previously put in place in this case" (government's Memorandum in Opposition [145], pp. 18-19), I may not second guess Judge Vilardo's decision to allow the filing.

(id., p. 15), and that even considering the motion on the merits, it presents no basis for suppression. Id., pp. 16-18.

## ANALYSIS

A.     **Request for a Suppression Hearing**

Defendant argues that "[i]t may be that the government will claim that it does not intend to use any of the evidence seized as a result of the illegal search mentioned above. However, because we believe that the government's current case was built, at least in part, based upon the arrest of Mr. Butler, the stop of the vehicle and the search and seizure of evidence, we believe that the government's prosecution at this point is tainted by the illegally obtained evidence. As a consequence, counsel asks that this Court conduct a hearing to determine . . . whether, under the circumstances, the government's current prosecution is tainted by the illegal seizure as set forth above in Ohio". Greenman Affidavit [140], ¶25.

The government responds that its "case against the defendant . . . does not include anything that happened in Ohio and does not rely on any evidence obtained in Ohio". Government's Memorandum in Opposition [145], p. 15. "[T]he evidence that the government has and will present at trial is evidence that is independent of what happened in [Ohio]".[4]

"The court is entitled to rely on the representations of counsel, as officers of the court." United States v. Johns, 336 F.Supp.2d 411, 424 (M.D. Pa. 2004). Therefore, even if defendant's motion had been properly supported (and, for reasons to be discussed, it has not been), I perceive no need for a hearing at this time See United States v. Davis, 2008 WL 5115225, *5 (W.D.N.Y. 2008) ("based upon the government's representations that none of the

---

[4]     Statement of AUSA MaryEllen Kresse, unofficially transcribed from the digital audio recording of the July 14, 2017 oral argument.

evidence obtained during the . . . incidents would be used against Gourley in this prosecution, the motion to suppress is moot"); United States v. Townsend, 2016 WL 3562055, *2 (E.D.N.Y. 2016) ("the government has represented that it will not use the videotaped statement Defendant seeks to suppress at trial. As such, the suppression issue is moot"); United States v. Ahmed, 94 F. Supp. 3d 394, 437 (E.D.N.Y. 2015) ("[w]ith regard to Defendants' suppression motions, the Government has indicated that it will not introduce any of the disputed statements for any purposes. Accordingly, Defendants' motions to suppress are denied as moot").

"[I]n order to trigger the need for a *pre-trial* taint hearing, Defendants must do more than merely speculate that all of the Government's evidence *may* be tainted and demand that the Government prove the genealogy of each and every piece of evidence it intends to use against them. Generally, where a defendant does not make a particularized motion to suppress on the grounds of taint, allegations of possible taint are best resolved post-trial". Ahmed, 94 F. Supp. 3d at 437 (emphasis in original).

In any event, defendant has not made a proper showing of his entitlement to a hearing. It has long been settled law that a motion seeking a suppression hearing must be accompanied by an affidavit from someone having *personal* knowledge of the facts justifying the hearing. See United States v. Gillette, 383 F.2d 843, 848–49 (2d Cir. 1967) ("[t]he affidavit submitted for appellant is insufficient in that it does not . . . allege personal knowledge on the part of appellant's attorney; accordingly, there was no factual issue to be resolved and the denial of a hearing was correct"); United States v. O'Neill, ___F. Supp.3d___, 2017 WL 1063483, *3 (W.D.N.Y. 2017) ("[a] court may refuse to hold an evidentiary hearing where the defendant fails to provide factual allegations from a witness with personal knowledge"); United States v. Carter, 2012 WL 4721117, *2 (W.D.N.Y.), adopted, 2012 WL 4713900 (W.D.N.Y. 2012) ("without a

supporting affidavit of someone with personal knowledge of the underlying facts, the court need not resolve factual disputes that may be presented by the moving papers").

Ignoring this longstanding requirement, defendant supports his motion only with Mr. Greenman's Affidavit, which "regardless of its content . . . is inadequate to create a factual dispute requiring a hearing because [it] is not based on the attorney's personal knowledge of the underlying facts". Townsend, 2016 WL 3562055, *3.

Although Mr. Greenman states that "if the court wishes, [he] will provide to the court affidavit of standing behalf of Mr. Butler" (Greenman Affidavit [140], ¶30), in my view that offer comes too late.[5] On April 25, 2017 Judge Vilardo set a deadline of May 9, 2017 for the motion [138], and at defendant's request [139] he subsequently extended that deadline to May 10, 2017 [141]. Fed. R. Crim. P. ("Rule") 47(d) requires states the moving party to "serve any supporting affidavit *with* the motion" (emphasis added), not at a later date. "If a party could file a skeleton motion and later fill it in, the purpose of the time limitation would be defeated". Sztorc v. Prudential Insurance Company of America, 2008 WL 597203, *2 (W.D.N.Y. 2008).

Moreover, it would be fundamentally unfair to the government to allow defendant to fashion his own affidavit only *after* reviewing the government's response. Requiring a moving party to file affidavits in advance of its opponent's response is "an important and eminently rational rule. Requiring a moving party to put all his cards on the table informs the responding party of the fact questions and legal issues at play . . . . The rule is designed to prevent the moving party from springing new facts on the nonmoving party when it is impossible for the nonmoving party to contest them." Sinclair v. City of Grosse Pointe Farms, 2015 WL 3540557, *15. (Mich. App. 2015) (unpublished opinion).

---

[5] Even now, Mr. Greenman offers only to submit defendant's affidavit "setting forth *some* of the operative facts of this case". Defendant's Reply [150], p. 8 (emphasis added).

Although his initial motion offered no reason for his failure to provide an affidavit or declaration from defendant, in his Reply Mr. Greenman explains that in light of defendant's location and mental health issues, "[c]ommunication with him is difficult". [150], p. 8 n. 1. However, "it is well settled that a district court is free to disregard arguments raised for the first time in reply papers". Hulett v. City of Syracuse, ___F. Supp.3d___, 2017 WL 2333712, *19 (N.D.N.Y. 2017). If valid, those reasons should have been presented to Judge Vilardo in advance of the filing deadline, rather than after the fact. To excuse defendant's failure would only cause further delay in this case, which would undermine the public's interest in a speedy trial. *See* Zedner v. United States, 547 U.S. 489, 501-02 (2006).

Even considered on its merits, the motion fails. In order to warrant a hearing, the motion must be "sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question". United States v. Watson, 404 F.3d 163, 167 (2d Cir. 2005). While Mr. Greenman states that "[t]he car was stopped without probable cause to believe that a vehicle and traffic infraction had taken place or that any criminality was committed by any of the occupants" (Greenman Affidavit [140], ¶7), a traffic stop requires only reasonable suspicion, not probable cause.[6] Moreover, the motion offers no factual detail as to why the stop was improper, and "conclusory and general allegations contain[ing] no factual assertions" do not warrant a hearing. Townsend, 2016 WL 3562055, *2.

Defendant has also failed to establish his standing to contest the search of the vehicle. He argues that "because the occupants of the vehicle were seized as well as the vehicle itself, the defendant . . . has standing . . . to make a motion to suppress the evidence seized as a

---

[6]   *See* United States v. Stewart, 551 F.3d 187, 191 (2d Cir. 2009) ("[w]e have held repeatedly that a traffic stop based on a reasonable suspicion of a traffic violation comports with the Fourth Amendment").

result of the unlawful search of the vehicle". Greenman Affidavit [140], ¶20. However, "[i]t is well established that a passenger in a car lacks a reasonable expectation of privacy in the vehicle merely by virtue of his status as a passenger". Garcia v. Artus, 2010 WL 1816333, *7 (E.D.N.Y. 2010); Rakas v. Illinois, 439 U.S. 128, 148 (1978) ("the fact that they were . . . in the car with the permission of its owner is not determinative of whether they had a legitimate expectation of privacy in the particular areas of the automobile searched").

Finally, although the motion alleges that defendant's "wallet was searched" (Greenman Affidavit [140], ¶17), it offers no factual detail as to the circumstances of that search (for example, whether the wallet was taken from his person or located elsewhere in the vehicle).

### B. Request for Other Relief

#### 1. Production of Search Warrants

Defendant seeks production of search warrants for 12 cellular telephones and other electronic devices found in the vehicle, as well as for the vehicle itself. Greenman Affidavit [140], ¶24; defendant's Reply [150], p. 5. Since defendant has failed to establish that he had a reasonable expectation of privacy in the vehicle or in any of the searched devices, this request is denied.

#### 2. Production of Other Evidence

Defendant seeks production of "any evidence of any identification of [him] together with any statements attributed . . . to him which . . . he may move to suppress". Greenman Affidavit [140], ¶28. Since the government fails to respond to this request, it is granted.

## CONCLUSION

For these reasons, I recommend that defendant's motion to suppress [140] be denied to the extent that it seeks an evidentiary hearing and suppression of evidence, and I order that the remainder of the motion be granted in part and denied in part, as set forth above.

Unless otherwise ordered by Judge Vilardo, any objections to this Report, Recommendation and Order must be filed with the clerk of this court by August 4, 2017. Any requests for extension of this deadline must be made to Judge Vilardo. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 59(c)(2) of this Court's Local Rules of Criminal Procedure, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority", and pursuant to Local Rule 59(c)(3), the objections must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objection.

Dated: July 21, 2017

      /s/ Jeremiah J. McCarthy
      JEREMIAH J. MCCARTHY
      United States Magistrate Judge