UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

United States of America,

    v.

Ricky Butler,                                  15-CR-00107
                                                  Decision and Order
    Defendant.
_____

The defendant, Ricky Butler, is charged with numerous criminal offenses stemming from the alleged unauthorized possession and use of credit cards. Docket Item 1. He claims that the evidence leading to these charges was obtained unconstitutionally, in violation of his Fourth Amendment rights. Therefore, Butler filed a motion to suppress evidence and for other relief before Magistrate Judge Jeremiah J. McCarthy. Docket Item 140.

On July 21, 2017, Judge McCarthy issued a Report, Recommendation, and Order ("R&R"), finding that the motion to suppress should be denied and ordering that the remainder of Butler's motion be granted in part and denied in part. Docket item 166. On August 11, 2017, Butler objected to the R&R, and on September 11, 2017, the government responded. Docket Items 175 and 179.

Having now considered the R&R, the objection, and the response, this Court adopts Judge McCarthy's R&R and denies the defendant's motion to suppress evidence.[1]

---

[1] The defendant did not appeal Judge McCarthy's order.

**BACKGROUND**

According to an affidavit by Butler's attorney, Herbert Greenman, Esq. ("Greenman"), Butler was one of four occupants of a Dodge minivan in New Bedford, Ohio, on the morning of February 11, 2014. Docket Item 166 at 1. The vehicle was stopped by police officers who, Butler alleges, lacked probable cause. *Id.* at 2. The police officers who stopped the vehicle asked the occupants, including Butler, for identification. *Id.* Butler was subsequently arrested, and his wallet was found and seized pursuant to a search of the vehicle. *Id.* Shortly after the arrest in Ohio, Butler was indicted and pled guilty to aggravated identity theft and conspiracy in the Northern District of Ohio. Docket Item 145-3 at 3.

On July 10, 2014, Butler was named in a criminal complaint in the Western District of New York, and on May 27, 2105, he was indicted in the case at bar. Docket Items 1 and 55. After substitutions of counsel, amended scheduling orders, and adjournments, Butler filed his motion to suppress evidence obtained from the traffic stop in Ohio. In response, the government says that while the fruits of the Ohio search may have been relevant to the action in Ohio, the evidence Butler seeks to suppress will not be used in the present case. Docket Item 145 at 15.

In concluding that Butler's motion to suppress should be denied and that no suppression hearing was warranted, Judge McCarthy relied in part on the government's representation that it would not use the allegedly tainted evidence; he also found that the "defendant has not made a proper showing of his entitlement to a hearing." Docket Item 166 at 5. According to Judge McCarthy, because Butler himself failed to submit an affidavit articulating the facts necessary to justify the hearing—and despite Greenman's

offer to submit a factual affidavit from his client—the motion to suppress should be denied without a hearing. Greenman has explained that communicating with Butler has been particularly difficult because of Butler's significant mental health issues and his incarceration in a Virginia prison. *Id* at 7. In fact, according to Greenman, he has had almost no opportunity to communicate confidentially with his client, as most conversations take place over recorded prison phone lines. Docket Item 175 at 6-7. Greenman has requested that Butler be moved to a facility closer to the Western District of New York so that the two can communicate more easily and in confidence, but Butler remains in Virginia. *Id.*

## **DISCUSSION AND ANALYSIS**

Because attorneys are officers of the court, a judge may rely on an attorney's representations. *Theodore v. New Hampshire*, 614 F.2d 817, 822 (1st Cir. 1980). So when the government represents that it will not use certain evidence against a defendant, a motion to suppress that evidence is moot. *See, e.g*, *United States v. Davis*, 2008 WL 5115225, at *5 (W.D.N.Y. Dec. 4, 2008) (finding the motion to suppress evidence moot based on the government's representation that the evidence in question would not be used against the defendant); *United States v. Rivera*, 2017 WL 1843302, at *1 ("The Government represents that it does not intend to offer such evidence at trial. Therefore, Defendants' motions to suppress are denied as moot."). Moreover, if the defendant has only a suspicion that some tainted evidence may be used against him at trial, that issue is best resolved after trial—or at least when the defendant can particularize his claim. *See United States v. Ahmed*, 94 F. Supp. 3d 394, 437-48 (E.D.N.Y. 2015) ("Generally, where a defendant does not make a particularized motion

3

to suppress on the grounds of taint, allegations of possible taint are best resolved post-trial. . . . [I]n all of the *pretrial* taint hearing cases . . . the defendant first identified specifically which evidence he or she believed was tainted.") (emphasis in original).

Here, the government not only has advised that it will not use the evidence Butler seeks to suppress, it also has stated that the traffic stop in Ohio—and therefore any evidence derived from that stop—"was in no way used as part of the prosecution of the defendant in this District." Docket Item 179 at 3. If the prosecution is mistaken, and if Butler is able to point to tainted evidence on which the government relied in one way or another, that issue can and should be raised when Butler can make that argument. Until then, however, there is no reason to suppress any evidence or to hold a hearing, and this Court therefore agrees with Judge McCarthy's analysis.

On the other hand, given the unusual challenges for defense counsel in this case—e.g., Butler's significant mental illness, his detention in a Virginia prison, and the difficulties in conducting confidential attorney-client communication—this Court does not agree with Judge McCarthy that Butler should be penalized because his attorney did not submit his signed affidavit. Indeed, counsel has advised that he drafted an affidavit for his client that he expected to have his client sign at the motion argument before Judge McCarthy but that his client was not transported to court that day and instead participated by videoconference. Docket Item 175 at 5. In the view of this Court, that is good reason not to have submitted Butler's affidavit, and this Court would have considered—and did consider—the motion solely on the merits.[2]

---

[2] It is worth repeating that this is a unique case with facts and challenges that are unusual, to say the least. Were it not for those truly unusual circumstances, this Court would not question Judge McCarthy's decision regarding the failure to submit the

4

## **CONCLUSION**

For the reasons stated above, this Court adopts Judge McCarthy's R&R except for his analysis on the absence of Butler's affidavit. The defendant's motion to suppress is denied, and the remainder of his motion is granted in part and denied in part, consistent with Judge McCarthy's R&R.

SO ORDERED.

Dated: September 29, 2017
Buffalo, New York

*s/Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE

---

defendant's affidavit. But Butler's perfect storm here is good reason to give his lawyer some leeway.